The Board of Commissioners of Hamilton County *v.* Owens.

Filed May 29, 1894.

------

No. 16,860.

The Board of Commissioners of Hamilton County *v.* Owens.

<table>
<tr><td>138</td><td>183</td></tr>
<tr><td>146</td><td>329</td></tr>
<tr><td>138</td><td>183</td></tr>
<tr><td>148</td><td>123</td></tr>
</table>

Reformation of Instrument.—*Deed.*—*Decision, When not Contrary to Law.*—The findings and conclusion of the court effecting a reformation of a written instrument (a deed), are not contrary to law, where it appears, not only by the preponderance of the evidence, but to a moral certainty, that words (a reversionary clause), by mutual mistake, were omitted therefrom, materially altering the effect of the instrument. For the evidence, see opinion.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian,* for appellant.

*C. W. Griffin, W. R. Fertig* and *H. J. Alexander,* for appellee.

McCabe, J.—This was a suit brought by the appellee against the appellant and Lewis Kercheval, in a complaint of two paragraphs. The first paragraph was to quiet title of the appellee in and to certain real estate therein described, and the second paragraph sought to reform a certain deed on account of mistake in leaving out certain words which were intended to have been inserted. The substance of this paragraph of the complaint is that one Cook, who owned the land in controversy, sold it to the Adams Township Gravel Road Company, a corporation owning and operating a gravel road in the county, all the gravel in a certain pit situate on said real estate, and the right to remove the same for use on the road of said company, it being expressly understood and agreed between said parties that all right of said company to take gravel from said pit should cease, and the title to all such gravel as should remain should revert to said Cook, whenever its road should cease to be operated as a toll road; that the latter provision was left out of the deed by mistake of the parties thereto; that the road had been sold to the county under the statute; that the officers of the gravel road company had, without authority, embraced said real estate in the deed conveying the road to the county, and that the road had ceased to be a toll road; that appellee, through deeds from Cook to Hinshaw, and from Hinshaw to Haworth and Owens, and from Haworth to Owens, had become the owner of the land.

The cause was dismissed by appellee as to Kercheval and as to the damages claimed. Appellant answered by a general denial. Trial by the court, finding and judgment for appellee over a motion for a new trial, with a decree reforming the deed from Cook to Hinshaw, and quieting appellee's title to the property.

The only error assigned is the ruling of the court over-

ruling the motion of appellant for a new trial; and the only ground assigned for a new trial in the motion therefor, not waived by failure to argue the same, is that the decision of the court is contrary to law. The contention is that the evidence of the alleged mistake was not sufficiently clear and satisfactory, and especially that if there was a mistake at all it was not mutual, and was the mistake of one of the parties only. No other question is presented by the appellant's brief. John B. Foulk, the notary public who drew up the deed and took the acknowledgment, testified that the parties told him to put the agreement into the deed, and that that agreement was that the company was to pay Cook one hundred dollars for the gravel, and when the company ceased to be a company it was to go back to the land. The reason, he states, why he left that provision out, is that "this was done along in the evening; there was five or six deeds together and a good many mortgages made, a good many around there talking, and I was tired and just neglected to put it in. * * I did not notice the mistake; did not notice leaving out that."

The following questions to, and answers by, said witness were made:

"Then you think this mistake in this deed was your mistake, do you? A. Yes, sir.

"Q. You don't know whether it was a mistake on the part of Boatman and Teters or not?"

Boatman and Teters represented the gravel road company. His answer to that question was: "No, I couldn't account for their talk."

Cook, the grantor in the deed to the gravel road company, testified in a deposition that he proposed to the president of the company to sell to the company the privilege of the gravel for one hundred dollars, with a provision in the grant that when the Adams Gravel Road

Company should cease to use the pit the same was to go back and revert to the land. The president of the company requested Mr. Foulk to reduce the grant to writing. * * He told Mr. Foulke that they were to have a certain amount of gravel for one hundred dollars, and when they ceased to use the gravel pit for the Adams Gravel Road Company it reverted back to the land. I supposed Mr. Foulk had reduced the grant to writing, as the president had dictated it, and I just signed it without looking it over, supposing the provision was in it. I had no intention of conveying the absolute title. * I never thought of such a thing. * * * To my knowledge the president of the company had no intention of receiving such absolute title or grant.''

Boatman, on behalf of appellant, testified that he was present and heard all about the terms of the purchase, but does not remember whether there was any agreement that the land was to revert after the company ceased to use it. The only testimony on that point offered and introduced by the appellant, was of that character, and to the effect that the witness heard nothing about putting a reversionary clause in the deed. Such testimony falls very far short of contradicting the appellees' evidence.

One rule in such cases contended for by appellant is: ''To entitle a party to a decree of a court of equity reforming a written instrument, it must be shown that words were inserted that were agreed to be left out, or that words were omitted that were agreed to be inserted.'' Nelson v. Davis, 40 Ind. 366; Allen v. Anderson, 44 Ind. 395; Baldwin v. Kerlin, 46 Ind. 426; Heavenridge v. Mondy, 49 Ind. 434; Easter v. Severin, 78 Ind. 540; Baker v. Pyatt, 108 Ind. 61.

There can be no question that the evidence in the case before us complies with this rule. It shows that there

was to have been a reversionary clause inserted which was omitted by mistake of all the parties. Another rule contended for in such cases is that "relief will be granted in cases of written instruments only when there is a plain mistake clearly made out by satisfactory proofs. The rule forbids relief whenever the evidence is loose, equivocal, or contradictory, or is in its texture open to doubt or opposing presumptions." *Oiler* v. *Gard,* 23 Ind. 212(218). "Equity relieves against mistakes, * in * a written contract; and parol evidence is admissible to prove the mistake, though it be denied in the answer. But equity will not interpose in such case, unless there be the clearest and most satisfactory proof of the mistake and of the agreement between the parties." *Gray* v. *Woods,* 4 Blackf. 432. "To authorize a court of equity to reform a written instrument, on the ground of mistake, it must be established beyond reasonable controversy, and be made entirely plain, that the instrument does not express the intent of the parties." *Linn* v. *Barkey,* 7 Ind. 69. See, also, 11 Am. and Eng. Ency. Law 346; 2 Pomeroy's Equity Jur., section 859, lays down the rule thus: "Courts of equity do not grant the high remedy of reformation upon a probability, nor even upon a mere preponderance of the evidence, but only upon a certainty of the error." The evidence we have quoted above, we think, is amply sufficient under these rules to entitle the appellee to a reformation. There are many circumstances detailed in the evidence, which would needlessly extend this opinion, that when considered along with the evidence set out above renders it morally certain that the agreement was that the land was to revert when the company ceased to operate their road as a toll road, and and that such agreement was to have been expressed in the deed by a reversionary clause, and that such clause was omitted from the deed by the mistake of the drafts-

man and all the parties.   The finding of the court was according to, and fully justified by, the law.

The judgment is affirmed.

Filed May 29, 1894.