[Civ. No. 728.  Second Appellate District.—January 5, 1910.]

GUARANTY REALTY COMPANY, a Corporation, Appellant, v. RECREATION GUN CLUB, a Corporation, Respondent.  ELON G. GALUSHA, Intervener, Respondent.

DEED BY GUN CLUB—PARCEL FOR BUILDING LOTS—CONDITION AGAINST FIREARMS — COVENANT BINDING SUCCESSORS — ENFORCEMENT—NATURE OF COVENANT IMMATERIAL.—Where a gun club organized for mutual recreation and pleasure by means of the rod and gun, to hold real estate, and to enforce the fish and game laws of the state, had acquired three hundred and twenty acres of land for its purposes, but had, by recorded deed, conveyed one hundred and twenty acres thereof to grantees for building lots only, which "provided, that one of the conditions of this conveyance is that the use of firearms upon said premises is and shall be forever prohibited, and that the said grantees agree for and in behalf of themselves, their heirs and assigns, and all persons claiming

by, through or under them to observe and enforce this provision," it is immaterial to its enforcement against successors of the grantees whether it be considered a covenant running with the land or a covenant in gross.

Id.—Notice of Covenant by Recorded Deed.—Notice of the existence of the covenant to a successor of the grantees was imparted by the record of the deed, the recital of the covenant in which was sufficiently clear to convey the requisite information, and to put the successor upon his guard as to the extent to which it affected the remaining land of the grantor.

Id.—Covenant in Gross—Conscience of Succeeding Vendee Bound.—Treating the covenant as one in gross, it is proper to apply the rule which binds the conscience of a succeeding vendee with notice of a purely personal covenant entered between his vendor and the one from whom he obtains title, the effect of which if disregarded, would materially injure the remaining property of the original vendor.

Id.—Exclusive Property Right—Hunting upon Game Preserves—Protection by Injunction.—The law recognizes as property and entitled to protection an exclusive right to hunt upon game preserves; and also, that the destruction or impairment of such a hunting privilege, by the driving away of the birds and deterring their return, constitutes an injury which cannot be estimated in money damages, and on account of which an injunction will lie.

Id.—Covenant for Protection of Grantor's Remaining Lands—Grantee of Lot not Entitled to Intervene.—The covenant imposed on the grantees of the lots by the grantor was for the benefit of the remaining hunting lands of the grantor, and not for the benefit of lands granted. A subsequent grantee of one of the lots has no such interest in the subject of the action that he will either gain or lose by the direct and legal effect of the judgment, and he is not entitled to intervene, to restrain plaintiff from avoiding the covenant; and he is not entitled to recover the costs of such intervention.

Id.—Inequity of Plaintiff's Case.—The plaintiff has not made out a case agreeable to equity; but presents a case where a purchaser with notice of the covenant made by his predecessor, for the benefit of the original grantor, not only disregards the same by attempting to convey without reference thereto in subsequent deeds, but also comes to a court of equity to obtain a decree quieting title, the effect of which would be to sanction a violation of the contract and relieve him from obligation imposed on him and his property without showing any reason therefor other than that a disregard of the covenant would benefit the plaintiff.

Id.—Validity of Covenant—Right of Citizen to Bear Arms.—The restriction made by the covenant for the protection of the re-

maining lands of the grantor is not unreasonable or void as restricting the right of a citizen to bear arms.

ID.—FINDINGS — CONCLUSIONS — SUPPORT OF JUDGMENT.—Findings of fact are to be considered even though some of them are placed among the conclusions of law; and it is sufficient if the findings of fact, wherever placed, support the judgment rendered.

ID.—CONCLUSION OF LAW AS TO NATURE OF COVENANT.—The conclusion of law as to the nature of the covenant, that it is one running with the land, can in no wise affect the validity of the judgment restraining the plaintiff from violating the same. Even if the court erred in that conclusion, the judgment will not be reversed where it is equally sustainable on another ground, though the reason assigned therefor is untenable.

ID.—JUDGMENT PROPERLY PROTECTING DEFENDANT.—*Held,* that the judgment properly protects the rights of the defendant, irrespective of any judgment improperly rendered in favor of the intervener.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, and Anderson & Anderson, for Appellant.

Leon F. Moss, for Defendant-Respondent.

Elon G. Galusha, and W. A. Alderson, for Intervener, Respondent.

ALLEN, P. J.—Appeal by plaintiff from a judgment in favor of defendant and intervener, and from an order denying a new trial.

Plaintiff's action was one to determine conflicting claims to a certain described one hundred and twenty acres of land situate in Los Angeles county, California, the complaint being in the usual form. Defendant, in addition to a specific denial of the allegations of the complaint, alleged that it is a corporation, which was organized in 1884 under the laws of this state, the object thereof, as expressed in its articles of incorporation, being "for mutual recreation and pleasure by means of the rod and gun, and to hold real estate, and to preserve the game and fish of the state, and to that

12 Cal. App.—25

end enforce the fish and game laws of the state''; that shortly after the defendant's organization it acquired title to three hundred and forty acres of land in Los Angeles county, which tract comprised the land in controversy; that defendant ever since its acquisition has been in possession thereof and in the use thereof consistent with the purposes of the corporate organization, except that in May, 1904, defendant sold and granted to A. R. Fraser and others a portion of said tract, comprising about one hundred and twenty acres, and being the land described in the complaint; that at the time of said sale defendant had, at great expense, fitted up a club-house and made lasting and valuable improvements on said land owned by it for the purpose of making it available and useful as a hunting and fishing preserve; that Fraser and others purchased the said portion described in the complaint for subdivision purposes, and it was agreed and understood at the time of said purchase that the purchaser should at once subdivide and sell the same in lots for building sites; that in the conveyance to said Fraser and others of the land so sold the following provision was inserted: ''To have and to hold: All and singular the said premises, together with the appurtenances, unto the parties of the second part, and to their heirs and assigns forever; provided, that one of the conditions of this conveyance is, that the use of firearms upon said premises is and shall be forever prohibited, and that the said grantees agree, for and on behalf of themselves, their heirs and assigns, and all persons claiming through or under them to observe and enforce this provision.'' It is alleged that this provision was inserted to and intended to be a restriction upon the use of said lands granted for the benefit of the remaining lands owned and retained by defendant, and as an assurance that nothing should be permitted thereon which would interfere with the use and purpose of said remaining lands so retained and used for hunting and fishing purposes. That defendant had established ponds upon its said lands and placed thereon and around large quantities of grain for feeding game birds and to fatten them and render them palatable, and that fowls resorted to said ponds and grounds for the purpose of feeding; that the habit of the game was, when disturbed upon said hunting preserve, to take flight across

the lands proposed to be conveyed to Fraser and others toward the ocean; that to prevent the destruction of said game by poachers and others shooting and destroying said game in its flight from the preserve to the ocean and return, thereby interfering with the recreation, pleasure and sport of the owners of the remaining lands and interfering with the object and purposes of the organization of the club and acquirement of said lands, was this provision and restriction inserted in the conveyance. Defendant disclaims any interest in the premises described in the complaint, other than the right of enforcing the restriction in said deed contained.

One Galusha, by a complaint in intervention filed by permission of the court, set up the ownership by him of one of the lots of the subdivision of the lands granted, and alleged that he made the purchase of said lot with the full knowledge of the restriction in the deed; that the same made his premises more valuable and desirable as a home, and was an inducement leading to its purchase, and that its enforcement was necessary to insure personal safety and full enjoyment of said premises. Issue was tendered by plaintiff to the complaint in intervention, and in the answer thereto it was alleged that plaintiff corporation acquired the lands described in the complaint of Fraser for subdivision purposes, as alleged, but without knowledge of the existence of said provision in the conveyance, except such notice as is implied from the recorded instrument.

The court upon the hearing of the cause found the allegations of the answer of the Recreation Gun Club to be true, and that the deed to Fraser and others was recorded in the public records of Los Angeles county on May 13, 1904; that said restriction in said deed was intended as a protection to lot owners in the tract of land, as well as a restriction upon the use of the premises sold, for the benefit of the remaining lands in the ownership of the defendant Recreation Gun Club, and for a protection of said defendant in the use and enjoyment of its remaining lands. The court also found the allegations of the complaint in intervention to be true, and by its judgment it was determined that the lands described in plaintiff's complaint are held by plaintiff subject and subordinate to the restriction covenant contained

in said deed, and that the intervener was entitled to an injunction restraining plaintiff from bringing any subsequent action to avoid said contract and covenant.

Counsel for all parties upon this appeal present the cause upon the theory that the character of the covenant contained in the conveyance to Fraser and others is determinative of the rights of the parties thereto. The trial court held the covenant to be one running with the land, and error on account of this is specified by appellant. Whether the covenant be one running with the land or one in gross appears to us of little materiality in determining the matters involved upon this appeal. Notice of the existence of the covenant was derived by the plaintiff from the recorded deed to Fraser and others. Section 1213, Civil Code, prescribes that the recordation of a grant is notice to subsequent purchasers of its contents. The recital in the deed was sufficiently clear to convey the requisite information, and to put the plaintiff upon his guard to the extent to which it affected the remaining lands. (*Watson* v. *Sutro*, 86 Cal. 522, [24 Pac. 172, 25 Pac. 64].) Treating the covenant as one in gross, it is proper to apply the rule which binds the conscience of the vendee with notice of a purely personal covenant entered into between his vendor and the one from whom he obtains title, the effect of which, if disregarded, would be to materially injure the remaining property of the original vendor. (*Parker et al.* v. *Nightingale et al.*, 6 Allen, 341, [83 Am. Dec. 632]; *De Gray* v. *Monmouth Beach etc. Co.*, 50 N. J. Eq. 329, [24 Atl. 388].) In the case last cited it is said that the question is not whether the covenant runs with the land, but whether a party shall be permitted to use the land in a manner inconsistent with the contract entered into by his vendor. This, of course, presupposes that such inconsistent use is made to appear as injurious to the party complaining. As said by our supreme court in *Los Angeles Terminal Co.* v. *Muir*, 136 Cal. 36, [68 Pac. 308]: "As there is no personal contract relation between the parties to this action, the plaintiff is not entitled to relief against the defendant, unless the evidence shows with reasonable certainty that the use of the lot for ferry purposes would materially injure the remaining property of plaintiff." This language was used where a personal covenant was found to exist which

did not purport upon its face to bind the successors and assigns of the vendee, as does the instrument under consideration here. The doctrine of the case, however, may be said to be, that a purely personal covenant made between the vendor and vendee, a violation of which when shown to be injurious to the remaining property of the vendor, is enforceable by injunctional remedy; and this is reaffirmed in *Hunt* v. *Jones,* 149 Cal. 297, [86 Pac. 686], where it is said that the authorities sustain the proposition that where a proper case is presented, equity will enforce a personal covenant or agreement relative to land as effectually as would a court of law had the covenant been clearly one running with the land. The court finds that a disregard of the covenant of the deed here being considered would greatly injure defendant in the use and enjoyment of its remaining lands, and the evidence in the record amply supports such finding. The law recognizes as property and entitled to protection an exclusive right to hunt upon game preserves (*Ex parte Elam,* 6 Cal. App. 238, [91 Pac. 811]); also, that the destruction or impairment of such a hunting privilege, by the driving away of the birds and deterring their return, constitutes an injury which cannot be estimated in money damages, and on account of which an injunction will lie. (*Kellogg* v. *King,* 114 Cal. 386, [55 Am. St. Rep. 74, 46 Pac. 166]; *Garcia* v. *Gunn,* 119 Cal. 320, [51 Pac. 684].) It follows, therefore, that as to such rights, and the use of property connected therewith, the same rules are applicable as to any other species of property used or intended for any other legitimate use. The conflicting claims to real property which were the subject of the action relate solely to the right of defendant to assert, if occasion requires, its rights under the clause in the Fraser deed. That covenant was not for the benefit of the lands granted, or for the protection of subsequent owners thereof, and the intervener has no such interest in it that he will either gain or lose by the direct and legal effect of the judgment. (*Horn* v. *Volcano Water Co.,* 13 Cal. 62, [73 Am. Dec. 569].)

We are, then, presented with a case where a purchaser with notice of the covenant not only disregards the same by attempting to convey without reference thereto in subsequent deeds, but comes before a court of equity to obtain a de-

cree the effect of which could only be, not only to sanction a violation of the contract, but to relieve the party from obligations imposed upon him and his property, without showing or attempting to show any reason therefor other than that a disregard of such covenant would be a benefit to complainant. We think there is no merit in the contention that the restriction and covenant is void as being either unreasonable or as in violation of the inherent right of the citizen to bear arms. As we have before said, the equitable right by this covenant granted applies only to instances or emergencies where the disregard of the covenant will work an injury to the remaining lands of defendant. Then, and then only, can such right be asserted, but that it could in such instances be invoked determines that a court of equity will not by its decree absolve the parties generally from the obligations imposed by the covenant. We do not consider that plaintiff has made out a case agreeable to equity.

The findings of fact support the judgment in defendant's favor and such findings are to be considered, even though one or more of them are found among the conclusions of law; and the conclusions of law as to the character of the covenant in no wise affect the validity of the judgment, even though it be said the court erred in determining the covenant as one running with the land, for a judgment will not be reversed if properly given, even though the reasons assigned therefor may not be well founded.

Notwithstanding the insufficiency of the intervener's complaint and the evidence in support thereof to sustain a judgment in his favor, yet the record discloses that the judgment rendered included only such matters as were proper in determining and awarding to defendant its rights, other than the judgment for costs awarded intervener.

The judgment and order are, therefore, affirmed in all respects except as to the intervener's costs, and to that extent the same are reversed.

Shaw, J., and Taggart, J., concurred.