[Civ. No. 5507.    First Appellate District, Division One.—December 28, 1926.]

LOU CORNBLETH et al., Respondents, v. E. L. ALLEN, Defendant; GEORGINA E. FREEMAN et al., Appellants.

[1] DEEDS—OMISSION OF CONDITIONS—MISTAKE—AGREEMENT TO SUPPLY OMISSIONS—EQUITY.—Where conditions have been omitted from a deed through mutual mistake, it is competent for a court of equity to supply the omission, and the same result may be extrajudicially effected by written agreement of the parties.

[2] ID.—RESTRICTIONS—CONDITIONAL ESTATE—RE-ENTRY. — The provisions of a deed and agreement restricting the use of land, except for a certain type of residence under penalty of reversion to the grantor, show an intention to create a conditional estate, and a clause of re-entry is unnecessary.

[3] ID. — RESTRICTIONS — SUBSEQUENT PURCHASERS — KNOWLEDGE. — Although a deed restricting the use of land to a certain type of dwelling under penalty of reversion of title to the grantor contained no reference to a dominant tenement, the grantor reserved an interest in the property conveyed against the purchaser of the original grantee having constructive knowledge of the restriction.

[4] ID.—CONDITIONS—CONVEYANCE.—The right to annex a condition to a conveyance is a necessary incident to the right to own and convey property.

---

1.  See 9 Cal. Jur. 241.
2.  See 9 Cal. Jur. 369.
3.  See 9 Cal. Jur. 360; 8 R. C. L. 1117.
4.  See 8 R. C. L. 1106.

[5] ID.—RESTRICTIONS—SUBSEQUENT PURCHASERS—RECORDATION—NOTICE.—An agreement between grantor and grantee restricting the use of property described therein and referring to a deed, which it was intended to reform, is an instrument affecting the title to the real property described therein and in the deed to which it referred under section 1215 of the Civil Code, and its recordation is constructive notice to subsequent purchasers of the property under section 1213 of the Civil Code.

[6] ID.—CONDITION SUBSEQUENT — RECITALS — NOTICE. — A condition subsequent is attached to the title and runs with it as against the grantee of a subsequent deed who has constructive notice by the record or actual notice that his title would be subject to the condition, and it is immaterial that the subsequent deed does not recite the condition contained in the deed to the grantor.

(1) 18 C. J., p. 217, n. 37; 34 Cyc., p. 931, n. 97.   (2) 18 C. J., p. 355, n. 91, p. 356, n. 7, p. 357, n. 13, p. 359, n. 19, 20, 31.   (3) 18 C. J., p. 366, n. 46.   (4) 18 C. J., p. 359, n. 30, p. 361, n. 68. (5) 39 Cyc., p. 1731, n. 6.   (6) 18 C. J., p. 366, n. 38, 46, p. 367, n. 47.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph H. Clock, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. A. Freeman and Altes H. Campbell for Appellants.

E. M. Smuckler for Respondents.

CASHIN, J.—An action was brought by plaintiffs to quiet title to all of lot 53 of Minelita tract except the north twenty feet thereof, the property described being situated in the county of Los Angeles.

On July 8, 1920, the property was conveyed by grant deed executed by Henry and Georgina E. Freeman, two of the defendants, who are the appellants here, to Anna S. Swenson. The deed, which was recorded on August 5, 1920, contained the following provision: "Subject to taxes for the fiscal year 1920–21, conditions, restrictions and reservations of record, and the following: No offices, stores, flats, lodging house, double house, bungalow court, apartment house or business building of any kind to be erected, kept or maintained on said property, but a private two-story residence

6. See 9 Cal. Jur. 374.

to cost not less than $5,000.00, and to be placed at a uniform distance of 42½ feet from property line, no building to be erected less than 10 feet from north line of lot conveyed by this deed, these restrictions run until 1920, the penalty for violation is reversion of title to vendor.''

Subsequently the grantors and grantee entered into an agreement in writing dated August 19, 1921, and recorded August 26, 1921, which, after reciting the execution of the deed mentioned and that ''certain errors were made in the statement of restrictions as contained in said deed, which the parties hereto mutually desire to correct,'' provided as follows:

''It is agreed by and between the parties hereto that the restrictions set forth in the said deed hereinbefore referred to shall be deemed withdrawn and canceled, and that in lieu of said restrictions and in the place and stead thereof it is mutually agreed that the said real property in the said deed and herein described shall from and after the execution of this agreement be subject to the following restrictions and no others:

''1. Any and all restrictions which were of record and of force and effect at the time of the execution of the said deed of July 8, 1920.

''2. Also the following restrictions, which shall have the same force and effect as though they had been embodied in the said deed of July 8, 1920, in the place and stead of erroneous restrictions which were so embodied in said deed: 'No offices, stores, flats, lodging-house, double-house, bungalow court, apartment house or business building of any kind shall be erected, kept or maintained on the said property. The only buildings which may be erected, kept or maintained upon the said property shall be a two-story private residence to cost not less than $5,000.00 and to be placed at a distance of not less than 42½ feet from the front property line and not less than 10 feet from the northerly line of said property conveyed by said deed, together with a private garage and usual customary out-buildings, which garage and out-buildings shall be placed at a distance of not less than 140 feet from the front property line. These restrictions shall be binding upon the grantee, her heirs or assigns, during the life of such restrictions, but the restrictions shall become null and void and of no effect after January 1, 1940. In the

event of the violation of these restrictions or any part of them by the vendee, her successors or assigns, then the property described herein shall revert to the vendors and their assigns, successors, heirs or devisees."

On January 18, 1922, Anna S. Swenson by grant deed conveyed the property to plaintiffs. In the conveyance no reference was made to the conditions and restrictions contained in the original deed to said grantor or in the subsequent agreement, nor by its terms was the transfer made subject thereto. The answer alleged that appellants at the time of the execution of the deed to Swenson were and still are the owners of the adjoining property, and that the provisions of the deed and the agreement were made for their and its benefit. While no findings on these allegations were made, that appellants at all the times mentioned resided on and owned the adjoining property, including the 20 feet excepted from the deed to Swenson, is not disputed. These facts, with the testimony of Freeman as to the plan of construction followed, which was likewise undisputed, supports no other conclusion than that the object of the provisions mentioned was to effect the benefits alleged.

[1] Where, through mutual mistake, conditions have been omitted from a deed it is competent for equity to supply the omission (*Rice* v. *Hall,* 19 Ky. Law Rep. 814 [42 S. W. 99]; *Tilton* v. *Tilton,* 9 N. H. 385; *Sims* v. *Camp Creek School Dist.,* 117 S. C. 461 [109 S. E. 148]; *Hamilton County* v. *Owens,* 138 Ind. 183 [37 N. E. 602]; and the same result may be extrajudicially effected by the written agreement of the parties.

[2] The provisions of the deed and agreement sufficiently show an intention to create a conditional estate (*Papst* v. *Hamilton,* 133 Cal. 631 [66 Pac. 10]; *Behlow* v. *Southern Pac. R. R. Co.,* 130 Cal. 16 [62 Pac. 295]; *Los Angeles etc. Land Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051]); and where this is the case a clause of re-entry is unnecessary (*Fitzgerald* v. *County of Modoc,* 164 Cal. 493 [44 L. R. A. (N. S.) 1229, 129 Pac. 794]; 4 Kent's Commentaries, 14th ed., p. 124).

The restrictions in question were restraints on the use of the property and not upon its alienation, were imposed by way of condition and not by covenant, the distinction, as said in *Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680

[9 A. L. R. 115, 186 Pac. 596], being a decided one and the principles applicable being quite different.

[3] Respondents contend that no reference having been made in the original instruments to a dominant tenement no interest in the property conveyed was reserved, citing *Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945]; *Berryman* v. *Savoy Hotel Co.,* 160 Cal. 559 [37 L. R. A. (N. S.) 5, 117 Pac. 677]. Neither of the cases cited supports respondents' contention, the question there considered being whether the restrictive covenants contained in certain deeds from the original grantors created servitudes and easements as between the parcels conveyed. It was held that to have that effect the intention must be expressed in the grants; and that in the absence of language indicating that the land conveyed was part of a larger tract the balance of which the grantor retained, or that the restrictions were intended for the benefit of other lands, or to inure to or pass with other lands, and without any description or designation of a dominant tenement, the restrictive covenants were not enforceable as between the original covenantors or their successors in interest (*McBride* v. *Freeman,* 191 Cal. 152 [215 Pac. 678]).

[4] The right to annex a condition to a conveyance is a necessary incident to the right to own and convey property (18 Cor. Jur., p. 359, Deeds, sec. 373). As was said in *Los Angeles Investment Co.* v. *Gary, supra,* "The instances in which conditions restricting the use of property conveyed have been enforced are exceedingly numerous and the conditions enforced of almost every conceivable variety."

In the instant case the conditions restricting the use of the property were not materially different from those upheld in *Firth* v. *Morovich,* 160 Cal. 259 [Ann. Cas. 1912D, 1190, 116 Pac. 729], and *Strong* v. *Shatto,* 45 Cal. App. 29 [187 Pac. 159].

[5] The court found that respondents had no notice, actual or constructive, of the agreement mentioned at the time they acquired title on January 18, 1922. The agreement, however, which was recorded on September 10, 1921, was signed and duly acknowledged by the parties, described the property to which it related, and referred to the deed which it was intended to reform, stating the names of the parties thereto, its date, with the date when and the book and page according to the records of Los Angeles County in

which it had been recorded. The agreement was an instrument affecting the title to the real property described therein and in the deed to which it referred (sec. 1215, Civ. Code), and its recordation was constructive notice to respondents (Civ. Code, sec. 1213). **[6]** A condition subsequent is attached to the title and runs with it as against the grantee of a subsequent deed who has constructive notice by the record or actual notice that his title would be subject to the condition, and it is immaterial that the subsequent deed does not recite the condition contained in the deed to the grantor (*Quatman* v. *McCray*, 128 Cal. 285 [60 Pac. 855]).

It appearing that appellants have an interest in the property conveyed (*Strong* v. *Shatto, supra; Johnston* v. *City of Los Angeles*, 176 Cal. 479 [168 Pac. 1047]), and that the finding that respondents acquired their title without notice thereof is without support, the judgment as to appellants is reversed.

Tyler, P. J., and Knight, J., concurred.