[Civ. No. 9617.   Third Dist.   May 4, 1959.]

ROGER C. CHANDLER et al., Respondents, v. PRESS SMITH et al., Defendants; VIRGIL WALTON et al., Appellants.

Weis, Weis & Harpham for Appellants.

Gray & Hewitt for Respondents.

WARNE, J. pro tem.*—In the year 1953, the defendants, Walton and Smith, deeded certain real property situated in Sutter County to one Frederick J. Beer. The deed contained a number of building and use restrictions declared to be covenants running with the land and binding upon the grantee, his heirs, executors, and administrators until January 1, 1980. The deed expressly provided that the grantee's title should not be forfeited or impaired by violation of the restrictions, but that the grantors, their successors in interest, and any other residents or householders in the neighborhood should have a right of action for injunction and damages or to enforce compliance with the restrictions. On the face of the deed the grantee declared himself bound by the restrictions. This deed was duly recorded on November 24, 1953. Thereafter, in 1954, Beer and his wife executed a first deed of trust on the south 100 feet of said property to the Bank of America, as beneficiary, and in 1955 they executed a second deed of trust to said south 100 feet of said property with the Sutter Union Lumber Company, as beneficiary. Neither deed of trust referred to the restrictions contained in the deed from the defendants Walton and Smith to Beer. In October, 1956, this south 100 feet of the property was sold under the second deed of trust to the plaintiffs, and the trial court found that they purchased the property without knowledge of the restrictions contained in the deed executed by the defendants Walton and Smith to Beer.

Plaintiffs thereafter brought this action to quiet title and for declaratory relief. The trial court found that the asserted use and building restrictions were not for the benefit of the property conveyed and "that said deed describes no dominant tenement." Judgment was entered quieting plaintiffs' title and this appeal followed.

Defendants contend that although the covenants set forth in the deed are not such as to create equitable servitudes or covenants running with the land at law, the restrictions are established nevertheless by the doctrine of constructive notice, that is to say, that recording of a deficient instrument would give it validity. All subsequent dealers with the property would have constructive notice of the previous owner's attempt to create such restrictions and would be bound thereby.

In *Marra* v. *Aetna Construction Co.*, 15 Cal.2d 375, 378 [101 P.2d 490], the court said: "Even though a covenant

---

*Assigned by Chairman of Judicial Council.

does not run with the land, it may be enforceable in equity against a transferee of the covenantor who takes with knowledge of its terms under circumstances which would make it inequitable to permit him to avoid the restriction . . . The doctrine of equitable servitudes has been invoked chiefly in cases where uniform building restrictions have been imposed pursuant to a general plan for improving an entire tract or real estate subdivision, but it is by no means true, as the respondents contend, that the doctrine is restricted to such cases. *Tulk* v. *Moxhay,* 41 Eng. Rep. 1143, in which the doctrine was first applied, was itself a case involving restrictions imposed upon a single lot. *Bryan* v. *Grosse, supra* [155 Cal. 132 (99 P. 499)], and *Relovich* v. *Stuart,* 211 Cal. 422 [295 P. 819], furnish examples of decisions in this state which have enforced covenants in equity although they benefit or restrict only a single parcel of land. █ It is true, however, that a *servitude cannot exist in gross, but must be appurtenant to other benefited property. (Berryman* v. *Hotel Savoy Co.,* 160 Cal. 559 [117 P. 677, 37 L.R.A. N.S. 5].)'' (Emphasis added.)

█ The Berryman case cited in the Marra case, *supra,* held that when a deed established certain restrictions but failed to designate or identify the dominant tenement, a subsequent purchaser cannot be charged with recorded knowledge that the original grantor had retained other lands to be benefited by the covenant and are entitled to construe the covenant as imposing no servitude on the land but as creating a mere personal burden adhering exclusively to the original covenantor.

█ Measured by these standards it cannot be said that the restrictions in the deed in question are enforceable against the grantee's successor in interest. The deed does not describe a dominant tenement, nor does it appear that the restrictions contained therein were inserted for the benefit of grantors' adjoining land as was the case in *Guaranty Realty Co.* v. *Recreation Gun Club,* 12 Cal.App. 383 [107 P. 625]. Neither are the restrictions conditions subsequent as was the case in *Cornbleth* v. *Allen,* 80 Cal.App. 459 [251 P. 87]. Further, the deed herein expressly provides that title shall not be forfeited or impaired for violation of the restrictions, hence we conclude that the deed created a mere personal burden adhering exclusively to the original covenantor.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.