[Sac. No. 1265.   Department Two.—October 28, 1904.]

# RECLAMATION DISTRICT NO. 551, Respondent, v. P. J. VAN LOBEN SELS, Respondent, and SOPHIA McCULLOUGH, Appellant.

Reclamation District—Title by Deed upon Condition Subsequent—Rights of Grantee—Reversion to Grantor or Assigns.—Under a deed to a reclamation district for the purposes of reclamation only which provides that if the land shall cease to be used for such purposes the same shall revert to the grantor, and the interest of the grantee shall cease, the grantee has no right to use the land principally for other or different purposes; and if the reclamation district or its assigns should cease to use the land for the purposes specified, it would revert to the grantor or his assigns.

Id.—Presumption against Forfeiture — Burden of Proof. — Every presumption is against a forfeiture of the estate of the reclamation district, and the burden is on the party claiming that the land has reverted to the grantor to show clearly that the land has ceased to be used for the prescribed purpose of reclamation.   Conditions providing for the forfeiture of an estate are to be construed liberally in favor of the holder of the estate and strictly against the enforcement of the forfeiture.

Id.—Reclamation not Ended—Finding Supported by Evidence—Judgment Protecting Rights.—Where the evidence shows that the work of reclamation was not ended, and that use was still made of the land by the reclamation district, a finding that the land has never ceased to be used for reclamation purposes is sufficiently supported; and where the judgment for the plaintiff protects the rights of appellant, and provides that where the "property shall cease to be used for reclamation purposes it shall revert" to the appellant, who is the assignee of the grantor, the appellant is entitled to no relief.

Id.—Judgment Defining Rights between Reclamation District and Its Assignee.—The fact that the judgment for the plaintiff defines

the rights of the plaintiff and its assignee as between themselves is no concern of the appellant.

ID.—TRIAL—WAIVER OF OBJECTION—AGREEMENT UPON FACTS—EVIDENCE NOT OBJECTED TO.—Where the record shows that all the parties agreed on certain facts, and no objection was made to evidence on the ground that no issue was joined by the pleadings justifying such, evidence, objection upon that ground was waived.

ID.—MARRIED WOMAN—NON-JOINDER OF HUSBAND—WAIVER.—The appellant waived objection on the ground that she was a married woman and that her husband was not a party to the action when she did not raise the objection in the lower court by demurrer or answer.

APPEAL from a judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion.

White & Miller, for Appellant.

A. L. Shinn, for Reclamation District, Respondent.

Olney & Olney, for P. J. Van Loben Sels, Respondent.

COOPER, C.—Action to quiet title. Judgment was entered in favor of plaintiff and defendant Van Loben Sels, and against defendant McCullough, who has appealed therefrom on the judgment-roll and a bill of exceptions.

The controversy is about a small lot of 2.6 acres described in the complaint by metes and bounds. Plaintiff is a reclamation district organized under the laws of California for the purpose of reclaiming swamp and overflowed lands.

In September, 1895, one Olsen was the owner of the lot, and in consideration of $924.88 conveyed the same to plaintiff by grant, bargain, and sale deed. The deed contained the following concluding clause: "To have and to hold the same unto the said Reclamation District No. 551, its successors and assigns, for the purpose of reclamation only; that is, for the purpose of constructing and maintaining thereon reclamation-works consisting of levees, pumps and pump-house, drains, ditches, and other reclamation-works used in and about the reclamation of the lands of said Reclamation District No. 551, and if said lands shall cease to be used for such purposes, the same shall thereupon revert to the said party of the first part, and all right, title, and interest of said party of the second part therein shall be terminated and ended."

After the deed was delivered the plaintiff entered into possession of the lot and constructed reclamation-works thereon, and said land has ever since been used for reclamation purposes, and has never ceased to be so used.

In April, 1902, the plaintiff conveyed the land by deed to defendant Van Loben Sels, "reserving to plaintiff the right to use a convenient and necessary part of the building on said premises as a storehouse for its tools and appliances used for the purposes of reclamation."

In October, 1898, Olsen conveyed to defendant McCullough all his title and interest in the land, and she is still the owner of whatever title remained in Olsen after the conveyance to plaintiff.

Appellant in her answer alleged that she was the owner in fee of the land, through her deed from Olsen; that she was in possession thereof; that plaintiff has ceased to use the same for reclamation purposes, and had abandoned and lost all its right in and to the premises; and finally, prayed judgment that she was the owner of the premises, free of any easement or right of any kind in plaintiff.

The judgment, while against defendant, contained the clause "that in case said real property shall cease to be used for reclamation purposes, the same shall thereupon revert to the defendant, Sophia McCullough, and all the right, title, and interest of the said plaintiff and the defendant, P. J. Van Loben Sels, therein shall be terminated and ended."

While the discussion in the briefs has covered considerable ground and a variety of questions, we think the case on its merits involves only two propositions—the construction of the deed made by Olsen to plaintiff, and the sufficiency of the evidence to sustain the findings of the court that the land has never ceased to be used for reclamation purposes. Without discussing the many cases cited by counsel, we think the construction of the deed by its own language is easy of solution. The plaintiff is a reclamation district, created and organized for the purpose of reclaiming lands in the district, and constructing, maintaining, and keeping in repair all works necessary for the reclamation of the land embraced in the district. The deed was for the purpose of reclamation only. When the land should cease to be used for such purpose it was to revert to the grantor. The title passed out of the grantor for the

purposes therein specified, and when it shall cease to be used for such purposes the estate of the grantee ceases. The grantee has no right to use the land principally for other or different purposes. If it or its assigns should cease to use the land for the purpose therein specified, and use it for farming or other different purposes, it would revert to the grantor or his assigns. In such case every presumption is against a forfeiture, and the party claiming that the land has reverted to the original grantor must clearly show that the land has ceased to be used for the purpose for which it was granted. If the grantee or his assigns continue to use the land for the prescribed purpose, the estate continues in such grantee. Conditions providing for the forfeiture of an estate are to be construed liberally in favor of the holder of the estate, and strictly against the enforcement of the forfeiture. (Civ. Code, sec. 1442; Washburn on Real Property, 447; *Behlow* v. *Southern Pacific R. R. Co.,* 130 Cal. 19; *French* v. *Inhabitants of Quincy,* 85 Mass. (3 Allen) 9.)

The finding of the court that the land is used for reclamation purposes, and has never ceased to be so used, is supported by the evidence. The evidence shows that immediately upon acquiring the property the plaintiff built a pumping-plant upon it, on the west end thereof near the river, and excavated a ditch along the southern portion of it. It is true that the plaintiff afterwards ceased to use the pumping-plant, but the ditch has remained open, and drains the seepage water from the river to the main drainage canal in the center of the district. Plaintiff has continued to use the pump-house for the purpose of storing its coal, sacks, and tools, and some of its employees have used the rooms in the upper story. It does not lie in the mouth of appellant to say that it is not necessary for plaintiff to use the pumping-house or the ditch for reclamation purposes. When she took her conveyance it was with full knowledge of, and subject to, plaintiff's rights. Her grantor had previously conveyed the premises for a consideration, which he received.

It appears that the plaintiff conveyed the premises to defendant Van Loben Sels in April, 1903, reserving the right "to use a convenient and necessary part of the building on said premises for its tools and appliances used for the purposes of reclamation." This deed does not of itself show that

the premises had ceased to be used for the purposes of reclamation. The deed made by Olsen was to hold to plaintiff "its successors and assigns." If the deed to defendant Van Loben Sels was beyond the power of plaintiff to make, and void, as argued by appellant at great length, the result would be that the plaintiff is still the owner of the property. The fact that the judgment defines the right of plaintiff and defendant Van Loben Sels as between themselves is no concern of appellant. Plaintiff was certainly entitled to judgment on the findings, and if the premises are still being used for reclamation purposes, appellant is entitled to no relief. The judgment protects her rights. It expressly declares that when the "property shall cease to be used for reclamation purposes, the same shall revert to the defendant Sophia McCullough." It is true that no cross-complaint or answer of Van Loben Sels appears to have been served on appellant, but in her answer she directly alleges "that neither the plaintiff nor the defendant P. J. Van Loben Sels has any right, title, interest, or claim of any kind in or upon the said real property, or any part thereof." She prayed for a decree adjudging her to be the owner in fee of the property. She does not appear to have served her answer upon defendant Van Loben Sels. She did not object to the evidence offered by defendant Van Loben Sels upon the ground that there was no issue made between her and Van Loben Sels by the pleadings, nor did she object upon any ground or at all. In fact the record shows that all the parties agreed on certain facts, and no separate trial was had as between plaintiff and appellant. Finally, appellant claims that she is a married woman, and her husband was not made a party to the action. As she did not raise the objection in the lower court by demurrer or answer, it was waived. (Code Civ. Proc., sec. 434.)

The judgment should be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. McFarland, J., Lorigan, J., Henshaw, J.