[Civ. No. 502.	Third Appellate District.—July 24, 1908.]

E. SELIGMAN and D. S. SNODGRASS, Respondents, v. T. W. CARR et al., Defendants; J. R. WEBB, Appellant.

DEED—EXCEPTION—LAND PREVIOUSLY GRANTED FOR SCHOOL PURPOSES —RESERVATION IN GRANTORS EXCEPTED.—A deed excepting land previously granted not only excepts land previously granted for school purposes, but also excepts a reservation in such grant to the grantors in case the land granted should cease to be used for school purposes.

ID.—CONSTRUCTION OF CODES.—Under section 1069 of the Civil Code and section 1864 of the Code of Civil Procedure, it is intended that an exception in a grant as well as a reservation therein shall, in case of uncertainty, be interpreted in favor of the grantor.

ID.—"EXCEPTION" AND "RESERVATION" SYNONYMOUS.—The words "exception" and "reservation" are used synonymously in grants, and have the same effect.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a motion to vacate the judgment and conclusions of law, and to render a different judgment under sections 663 and 663½ of the Code of Civil Procedure. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Webb, Strother & Strother, for Appellants.

M. B. & E. M. Harris, for Respondents.

CHIPMAN, P. J.—Action to quiet title. Plaintiffs had the judgment. Defendant Carr disclaimed all interest in the cause. Defendant Webb appeals from the judgment and from the order denying his motion made under sections 663 and 663½ of the Code of Civil Procedure. The appeal is upon the judgment-roll, which by stipulation includes the findings of the court and its conclusions of law as well as the judgment. The facts necessary to the decision sufficiently appear in the findings without setting forth the averments of the pleadings.

It appears from the findings that on January 24, 1881, Samuel, William and John Frey were the owners each of an undivided one-third interest in a certain twenty-acre tract of land situated in Fresno county, and on that day conveyed by grant deed to Valley View School District certain two acres of said tract, "as and solely for the purpose of erecting a public schoolhouse for the use of said district." The deed provided that, "in case said land shall cease to be used for school purposes it shall revert to the grantors herein."

On January 30, 1884, William and John Frey conveyed by grant deed to Samuel Frey "all of our interest in and to the undivided one-half of that lot [describing the twenty-acre tract] excepting the portions now sold by us to other parties."

On November 10, 1884, Samuel Frey conveyed to defendant Carr by grant deed all his interest in the entire twenty-

acre tract, which the court found included only one-third interest in the school land. Subsequently, January 7, 1904, William and John conveyed all their interest in the school land to Samuel, but the latter took as trustee of a resulting trust in favor of plaintiffs, who furnished the purchase money, and in furtherance of the trust Samuel, shortly thereafter, January 26, 1904, conveyed to plaintiffs by grant deed, not only all the trust estate but also all interest he then had in the twenty-acre tract. After all these deeds had been executed and recorded, to wit, April 30, 1906, and with full knowledge thereof and of plaintiffs' rights thereunder, defendant Carr conveyed, without any present consideration, all his interest in the twenty-acre tract to defendant Webb, appellant.

No controversy arises as to the fee, the only question being: In whom is vested the reversionary interest in the two acres conveyed to the school district, which is designated as the school land? The court found that a two-thirds interest belongs to plaintiffs and that one-third is vested in defendant Webb. The court decided that in view of the exception or reservation in the deed of William and John to Samuel Frey, of January 30, 1884, they conveyed to Samuel only an undivided half of their interest in that part of the twenty-acre tract that was not conveyed to the school district; that the school land was excepted from the operation of the deed and hence when Samuel Frey, in November, 1884, conveyed to Carr, his deed conveyed no greater reversionary interest in the school land than he reserved when he deeded to the school district, which was one-third, and this the court awarded to defendant Webb.

Appellant claims that by their deed of January 30, 1884, William and John conveyed to Samuel an additional one-half interest in the land, "making a five-sixths interest in the reversion of the school land." This deed purports to convey, as we have stated, "all of our interest in and to the undivided one-half of that lot [the twenty-acre tract] . . . excepting the portions now sold by us to other parties." Appellant contends that the reversionary interest was not excepted by the clause above quoted, but that "the plain and obvious intent of that deed was to convey one-half of all the estate John and William Frey had in the twenty-acre tract

to Samuel Frey''; that ''the only object of the exception was
to protect themselves from the warranty against previous con-
veyances, implied by their grant'' to the school district;
citing, as strongly supporting his contention, the case of
*Derby* v. *Hall,* 68 Mass. 236.

Section 1069 of the Civil Code provides as follows: ''A
grant is to be interpreted in favor of the grantee, except that
a reservation in any grant, and every grant by a public officer
or body, as such, to a private party is to be interpreted in
favor of the grantor.'' We must give some effect to the
provision in question, if we can, and the obvious meaning, if
it be obviously certain, should be adopted. If, however, there
be uncertainty or doubt as to the meaning of the exception
and it still be capable by construction of receiving some rea-
sonable meaning, the code rule is that it ''is to be interpreted
in favor of the grantor.'' Here the grantors granted all
their interest in the undivided one-half of the entire twenty-
acre tract, and but for the exception, the deed would clearly
have conveyed a like proportion of the reversionary interest
in the school land. Why was the excepting clause inserted
if not to reserve some interest in the grantors or to take some
interest out of the operation of the deed? Some technical
distinction is drawn by law-writers in the cases between
an exception and a reservation, but the distinction is not
material here, for we think the statute refers to exceptions
made in deeds as well as to reservations. (*Sears* v. *Acker-
man,* 138 Cal. 579, 586, [72 Pac. 171].) It was said in
*Bowman* v. *Wathen,* 3 Fed. Cas. 1076, 1082, [No. 1740]:
''The words 'exception' and 'reservation' are used synony-
mously in grants, and have the same effect. The effect does
not depend upon the use of one or the other of these terms,
but on the facts which they represent.'' To the same effect
is *Stockwell* v. *Couillard,* 129 Mass. 231, 233, holding that
the words ''excepting'' and ''reserving'' are often used in-
discriminately, and whether a particular provision is an ex-
ception or reservation depends not upon the use of one or
other of these terms, but upon the nature and effect of the
provision itself. (See *Adams* v. *Hopkins,* 144 Cal. 19, 37,
[77 Cal. 712].) The Code of Civil Procedure, section 1864,
provides that ''When different constructions of a provision
are otherwise equally proper, that is to be taken which is

most favorable to the party in whose favor the provision is made." It seems to us that the natural meaning derivable from the language used is that the parties did not intend to include in the deed the land previously sold or conveyed to the school district. But if this be not so, and the language must be regarded as ambiguous or uncertain, calling for construction, we must, under the code rule, interpret it in favor of the grantors. Applying this rule, it seems to us that the learned trial judge was fully warranted in his conclusion.

The judgment and order are affirmed. ·

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 21, 1908.