CORPIER v. THOMPSON.

Opinion delivered November 6, 1922.

1.  SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARIES—VALIDITY OF LEGISLATION.—Statutes creating and changing the boundaries of school districts are not invalidated by a failure to adjust equities between the several districts affected, nor on account of hardships and injustice entailed upon persons or communities within the districts.

2.  SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARIES.—Special Acts 1921, No. 598, detaching territory from a school district and annexing it to certain adjacent districts, is not void in depriving persons residing in such territory of rights given by them under the general laws of the State or in depriving school children of such territory of adequate school opportunities.

3. SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARIES.—Special Acts 1921, No. 598, detaching territory from one district and annexing it to other adjacent districts, was not void in leaving isolated and uncontiguous territory.

4. STATUTES—VALIDITY.—Special Acts 1921, No. 598, detaching territory from two sides of a school district and attaching it to two separate school districts, is not void on the ground that it contains independent and unrelated matters.

5. DEEDS—REVERSION AND OPTION DISTINGUISHED.—A provision in a deed conveying land to a school district that, when no longer used for school purposes, the grantor, "or any one else owning the land at that time, is to have the land at the specified price of $60," *held* not a reversionary clause, but an optionary clause, entitling the grantor merely to repurchase the land for the sum named on the contingency mentioned.

Appeal from Lonoke Chancery Court; *J. E. Martineau,* Chancellor; affirmed.

*Chas. A. Walls,* for appellant.

To the argument that the act in question does not provide for the distribution of the surplus funds, or for the assumption of the proportionate part of the indebtedness, because it is not specifically provided for in said act, it is sufficient to say that the general law of the State covers this subject. Crawford & Moses' Digest, §§ 8825, 8826; 61 Ark. 521; 63 Ark. 433; 60 Ark. 124.

The statutes above cited, under the provisions of § 8842, C. & M. Digest, apply to rural special school districts also, where not inconsistent with the terms of the special acts.

*J. H. Carmichael* and *Williams & Holloway,* for appellee.

1. Crawford & Moses' Digest, §§ 8825 and 8826, are not applicable to the facts in this case. They apply to the formation of *new* school districts, and not to detaching lands from one district and annexing same to another. Cases cited by appellant are against his contention. The Legislature might have been able to pro rate funds, but it did not do so. 102 Ark. 261; 143 S. W. 895.

If there had been any funds to pro rate, and there were none, that should have been done by the county board of education, and the chancery court could have no jurisdiction of the matter unless that board had first acted upon it, and then it could have been brought into chancery only by certiorari. .

2. There was no condition subsequent in Corpier's deed. Moreover, the burden was on him to prove it. 149 Ark. 207.

3. The court erred in holding act 598 of 1921 as valid.

(1) It is a manifest attempt to thwart the will of the people residing upon the territory affected and to deprive them of rights given them by the general laws.

(2) The act contains independent and unrelated matters.

(3) It deprives the children of this territory of adequate school opportunities and facilities, thereby defeating the very purpose of the law.

(4) It does not annex contiguous territory, but leaves isolated and uncontiguous territory on both sides. 60 Ark. 124; 29 S. W. 144; 105 Ark. 147; 150 S. W. 152.

*Chas. A. Walls,* for appellant, in reply.

1. Rural Special School District No. 20 is a new school district, and the statutes cited in the main brief apply; but, treating the act 598 as merely changing the boundaries, there is ample authority in § 8871, C. & M. Digest, to warrant the action asked for by appellant.

2. While the complaint alleged generally that the act was invalid, appellees did not offer any evidence whatever on any oyf the points which they raise here in the cross-appeal. The findings of the chancellor will be sustained, on the presumption that they were correct.

HUMPHREYS, J. The issues involved in this appeal and cross-appeal are, first, whether the trial court erred in upholding the validity of act No. 598 of the Acts of the Legislature of 1921; 2nd, in refusing to probate the funds of Common School District No. 62; 3rd, in re-

fusing to permit proof to be made of the value of Mason schoolhouse, fixtures, and furniture therein, removed by Rural School District No. 20; 4th, in quieting the title in J. B. Thomason to four acres on which the Mason schoolhouse was built in old Common School District No. 62.

A criminal prosecution, growing out of an attempt to tear down and remove Mason schoolhouse, found its way to this court. The case is reported in 151 Ark., 370, under the style of *Thompson* v. *State.* The record in that case will disclose many of the facts in the instant case.

(1) Appellees, who cross-appealed, assailed the validity of act 598, Acts 1921, upon four grounds, as follows:

(a) This local act attempts to thwart the will of the people residing upon this territory and deprive them of rights given to them by the general laws of the State.

(b) The act contains independent and unrelated matters.

(c) This alleged act would deprive the children of this territory of adequate school opportunities and facilities, and thus defeat the very purpose of the law.

(d) This alleged act does not annex contiguous territory, but leaves isolated and uncontiguous territory on both sides.

Under the general law, Common School Districts 10, 62 and 68 organized themselves by vote into Rural Special School District No. 20. In a very short time thereafter the Legislature enacted act No. 598, Acts 1921, taking a strip a mile in width and two and one-half miles in length off of the east side of Rural Special District No. 20 and adding it to Oakdale Special School District; and a strip off of the west side thereof and adding it to Oak Grove Special School District No. 17.

This court has recognized the unrestricted and plenary power of the Legislature to create and change the boundaries of school districts in this State, if in

doing so the contracts or obligations of the districts affected are not impaired. Such legislation is not void by a failure to adjust equities between the several districts affected, nor on account of hardships and injustice entailed upon persons or communities within the districts. *Special School Dist. No. 2* v. *School District of Texarkana,* 111 Ark. 379; *Eubanks* v. *Futrell,* 112 Ark. 437; *Hughes* v. *Robuck,* 119 Ark. 592; *School Dist. No. 25* v. *Parker,* 123 Ark. 317. Under the rules announced in the several cases cited, the attacks by appellees on said act 598, designated by the letters a, c, and d, are unfounded. We also think the attack on said act desig· nated by the letter (b) is unfounded. The several districts are in the same part of the county and so related that the different parts of the middle district might be detached and annexed to each of the other districts. We see no good reason why this result might not have been accomplished in one act instead of two.

(2) We do not think the court erred in refusing to apportion funds of Common School District No. 62 which were not on hand at the time said district was merged in and became a part of Rural Special School District No. 20. As we understand the evidence, District No. 62 had only $67.77 on hand, and that, after the merger, Rural Special School District No. 20 paid the sum of $306.15 to teachers which School District No. 62 owed at the time. At the time of the merger there was no fund or property to prorate.

(3) We do not think the court erred in refusing to permit appellants to prove the value of the Mason schoolhouse or of the fixtures and furniture therein. It was ruled in the case of *Thompson* v. *State, supra,* that said schoolhouse, fixtures, and furntiure belonged to Rural Special School District No. 20, when the directors removed the fixtures, furniture, and a part of the building from the four-acre tract upon which the building stood; that the directors had the right to change the schoolhouse site, fixtures, and furniture.

(4) We do not think the court erred in quieting the title in J. B. Thomason to the four acres of land constituting the site of the Mason schoolhouse. The record reflects that J. B. Thomason purchased the said tract of land from Rural School District No. 20 before act No. 598, Acts 1921, went into effect. The contention of appellant, W. J. Corpier, is that said tract of land reverted to him when Rural Special School District No. 20 abandoned the site for school purposes. The record reflects that W. J. Corpier conveyed the property to Common School District No. 62, which district was subsequently absorbed by Rural Special School District No. 20. The deed was lost, but the proof showed that it contained the following provisions: "But when ceased to be used for school purposes, that I (W. J. Corpier) or any one else owning the land at that time, is to have the land at the specific price of $60." The above is not a reverting clause. It is an optionary clause on the part of the grantor in the deed, to repurchase the land, upon a contingency therein expressed, for the sum of $60. The deed passed a fee title absolute to Common School District No. 62, and its successor, Rural Special School District No. 20, sold the land to appellee, J. B. Thomason, before appellant, W. J. Corpier, attempted to exercise the option.

No error appearing, the decree is affirmed.