[Civ. No. 9136.   Third Dist.   June 10, 1957.]

THEODORE M. BORING et al., Respondents, v. EDGAR O. FILBY et al., Appellants.

Mahan & Harland for Appellants.

Francis R. Crable for Respondents.

WARNE, J. pro tem.*—Plaintiffs brought this action against the defendants for the purpose of quieting their title to certain real property which they had previously purchased from the defendants. Defendants, in their answer to plaintiffs' complaint, allege affirmatively that they were owners of a one-half interest in the oil, gas, hydrocarbon and other mineral rights in the subject property. The trial court found that at the time of the conveyance to plaintiffs by defendants, the defendants were the owners of a certain interest in gas, oil and mineral rights by contract with Capital Company, a corporation, and that all the rights of the defendants under said contract passed and were transferred by virtue of the deed of conveyance to plaintiffs, as incidents of ownership. Judgment was entered quieting plaintiffs' title in and to said lands and the gas, oil and mineral rights. Defendants have appealed from the judgment.

On March 17, 1944, Bank of America National Trust and Savings Association, by grant deed, conveyed the land in question to the defendants and one Hull. The defendants, as joint tenants, were granted an undivided one-half interest in the land, and Hull was granted an undivided one-half interest therein. In that deed the bank reserved and excepted all oil, gas and other hydrocarbon minerals then or any time thereafter situate therein and thereunder, together with easements and rights necessary or convenient for the production, storage and transportation thereof, and the exploration and testing of said real property.

In 1946, Hull conveyed his interest in the land to the defendants. The deed contained the following clause: "SAVING, EXCEPTING AND RESERVING all oil, gas, and mineral, etc., as contained in Deed from Bank of America National Trust and Savings Association, to Edgar O. Filby and Annie M. Filby, his wife, as Joint Tenants, an undivided one-half interest and Edward T. Hull . . . an undivided one-half interest dated March 17, 1945 and recorded . . ."

On the same day that the bank conveyed to the Filbys and Hull, and apparently as part of the overall transaction, the bank conveyed to the Capital Company all the oil, gas and minerals situate in and under the real property described in the Filby deed. This deed was never recorded so far as is shown by the record.

Likewise, on March 17, 1944, the Capital Company entered

---

*Assigned by Chairman of Judicial Council.

into an agreement in writing with the Filbys and Hull. This agreement after reciting the giving of the deed from the bank to the Filbys and Hull, with the reservation of the oil, gas and minerals, and the transfer of those rights to the Capital Company, provided that if there was no commercial development of oil, gas, or mineral deposits within a radius of five miles from the exterior boundaries of the property within five years from the date of the agreement, then the Filbys and Hull were entitled to share in the proceeds from any oil, gas or mineral development thereafter. This agreement was likewise never recorded. The plaintiffs did not learn of the above agreement until sometime after they had received their deed from the Filbys, although the Filbys' rights under the Capital Company contract had matured.

The deposit receipt dated October 16, 1951, signed by plaintiffs and defendants and the realtor who handled the sale on behalf of the defendants contained the same language with regard to the oil, gas and minerals as is found in the deed from the defendants to the plaintiffs.

The manager of the Glenn County Title Company who searched the records with regard to the title and whose company handled the escrow, testified that his instructions from the defendants as sellers made no mention of any reservation or exception in favor of the defendants of the oil, gas or mineral rights; neither did the defendants mention the Capital Company agreement of March 17, 1944. He further testified that the deed was prepared in his office and that he included the language in question as notice that the property was subject to that reservation; that according to the (official) records, the Bank of America National Trust and Savings Association owned the mineral rights. Mr. Boring testified that after he received the title report he had a conversation with Mr. Nunes (the real estate agent who handled the sale for the defendants) with reference to the reservation clause, and his testimony in this regard was, ". . . it sounded to me as though Mr. Filby might be retaining the mineral rights— and I positively objected to buying it and him owning it— but Mr. Nunes told me that the Bank of America owned the mineral rights—I says O.K.—under those conditions I'll go ahead with it . . . ," meaning that he would go ahead with the deal. Both Mr. Boring and his wife testified to several conversations with Mr. Filby in which they received his assurance that he was retaining nothing. The evidence fur-

ther shows that it was Boring's understanding that the Bank of America owned the mineral rights.

■ Section 1069 of the Civil Code provides as follows: "A grant is to be interpreted in favor of the grantee, except that a reservation in any grant, and every grant by a public officer or body, as such, to a private party, is to be interpreted in favor of the grantor." This rule applies to an exception also. (*Seligman* v. *Carr*, 8 Cal.App. 572 [97 P. 324].) "In other respects grants are to be interpreted in like manner with other contracts. (Civ. Code, § 1066.) ■ In cases of uncertainty in a contract, it is to be interpreted most strongly against the party who causes the uncertainty to exist." (*Union Oil Co.* v. *Stewart*, 158 Cal. 149, 154 [110 P. 313, Ann.Cas. 1912A 567], citing Civ. Code, § 1654.)

■ Applying the foregoing rules to the facts of the case, we feel that the trial court was justified in concluding that the Boring deed (being in the language used and selected by the defendants) is uncertain and ambiguous if they intended to reserve the mineral rights for themselves. The clause reads as follows: "SAVING, EXCEPTING AND RESERVING from Parcels 1, 2 and 3 above all oil gas and minerals, etc., as contained in Deed from Bank of America National Trust and Savings Association to Edgar O. Filby and Annie M. Filby, his wife, as Joint Tenants, an undivided one-half interest and Edward T. Hull, a single man an undivided one-half interest, dated March 17, 1945 and recorded June 14, 1945 in Book 179 of Official Records, at page 331." The deed from the bank to the Filbys of March 17, 1944, is in evidence. That deed excepts and reserves unto the grantor (bank) its successors and assigns from all the lands in question, all oil, gas and other hydrocarbons and minerals, etc. There is no language in the deed that could possibly be construed as conveying any of the mineral rights to the Filbys. The clause in question contained in the deed from the defendants to the plaintiffs is no more than a reference to an outstanding interest. Had it been the intention of the Filbys to reserve these rights unto themselves they should have done so by appropriate language. ■ In the absence of a contrary intention on the part of the grantor, everything essential to the beneficial use and enjoyment of the property conveyed is considered as passing to the grantee, either as part thereof or as appurtenant thereto. (15 Cal.Jur.2d, Deeds, § 178.)

In addition the trial court found that the defendants were estopped to assert that they had not transferred whatever

rights they had in the oil, gas and minerals to the plaintiffs. No complaint is made on this appeal by the appellants that this finding, which by itself supports the judgment, is improper or not supported by the evidence. We assume that the appellants have not done so because of the substantial evidence to support said finding.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.