[Civ. No. 18736. First Dist., Div. One. June 27, 1960.]

ALAMO SCHOOL DISTRICT, Respondent, v. ALDEN A. JONES et al., Appellants.

182

Cornish & Cornish and Francis T. Cornish for Appellants.

John A. Nejedly, District Attorney, John B. Clausen and Robert H. Betzenderfer, Deputy District Attorneys, for Respondent.

DUNIWAY, J.—On January 2, 1878, Mary A. Jones, as first party, conveyed certain land to H. S. Raven and Jas. Foster as trustees of the Alamo Public School District, as second parties. Respondent (plaintiff below) is the successor in interest of the grantees; appellants (defendants below) are the successors in interest of the grantor. The action was brought for the purpose of obtaining a declaratory judgment as to appellants' rights, if any, under the deed. The pertinent provisions of the deed are as follows: "the said party of the first part, for and in consideration of the sum of Two hundred & fifty Dollars, . . . does by these presents remise, release, and forever quitclaim unto the said parties of the second part and to their successors in office all that certain . . . parcel of land [description follows]. *Subject however to the right of party of first part to purchase said land herein described. Should same ever be abandoned for School purposes, for same consideration herein mentioned.*

"Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, . . . and the reversion and reversions, remainder and remainders, rents, issues and profits thereof. To Have and to Hold, all and singular, the said premises, together with the appurtenances, unto the said parties of the second part, and to their Successors in office, in trust for the Alamo Public School District . . . forever." (Italics added.)

It is conceded that the land has been used for school purposes continuously from the time of the conveyance to the present.

The court found that the intention of the grantor was "to grant the property on condition that if the grantees abandoned the property for school purposes, the grantor should have an option to repurchase it for the price stated, and that this right was personal only to the grantor and not reserved expressly or by implication to the heirs and successors of said grantor." It also found that the grantor was dead. It concluded and decreed that appellants have no interest in the property, and that respondent has title in fee simple absolute. No evidence was received, and the appeal presents only the pure question of law as to the nature of the interest, if any, of the grantor and her successors and assigns in the property. We have concluded that the judgment must be affirmed.

In a very helpful comment entitled "Future Interests in California," published in West's Annotated California Codes, Civil, volume 7, pages 1-37, Professor Verrall outlines the

common-law future interests and their recognition in California. ▮ He there points out (pp. 7-17) that there were three types of future interest in the grantor recognized at common law, the reversion (pp. 7-13), the possibility of reverter (pp. 13-15) and the right of entry for condition broken (pp. 15-17). His view is that each is recognized in California. Does the deed create or reserve any of those interests?

*The deed does not create a reversion.*

▮ Civil Code, section 768, defines a reversion as ''the residue of an estate left by operation of law in the grantor or his successors, . . . commencing in possession on the determination of a particular estate granted . . .'' The deed before us conveys a fee simple. ▮ A reversion can exist only when the estate conveyed is less than a fee simple, i.e., is a ''particular estate,'' the classic example being a reversion arising from the granting of a life estate. (Verrall, op. cit. pp. 8-9; *Parry* v. *Berkeley etc. Foundation,* 10 Cal.2d 422, 425-426 [74 P.2d 738, 114 A.L.R. 562].)

*The deed does not create a possibility of reverter.*

▮ A possibility of reverter is created when the duration of an estate is limited by a measure of its life additional to that inherent in the estate itself. ▮ A fee simple is perpetual. Thus a possibility of reverter is created by the conveyance of a fee simple which is to last ''until'' a named event, or ''during'' a period limited by such an event or ''as long as,'' a certain state of facts continues. Any expression conveying the same idea is sufficient. A classic example is ''to A in fee simple until St. Paul's falls'' or ''as long as St. Paul's stands.'' (*Cf. Victory Oil Co.* v. *Hancock Oil Co.,* 125 Cal. App.2d 222, 231 [270 P.2d 604].) ▮▮ The rule is technical, and is based on the idea that the duration of the estate is limited, so that, when the event upon which it is limited occurs, the estate of the grantee ipso facto terminates, there being thus a ''reverter'' to the grantor. ▮ It is called a ''possibility of reverter'' because the event upon which the limitation depends may never occur. In the meantime, the grantee has a fee simple estate. ▮ We find no words in the deed before us that can be construed to create a possibility of reverter. (Verrall, op. cit. pp. 13-15; *cf. Dabney* v. *Edwards,* 5 Cal.2d 1, 11-13 [53 P.2d 962, 103 A.L.R. 822].) Nothing in the deed indicates an automatic reversion of the granted estate when the property is ''abandoned for school purposes.'' (*Cf. City of Santa Monica* v. *Jones,* 104 Cal.App.2d 463, 473 [232 P. 2d 55].)

*The deed does not create a right of entry for condition broken.*

The question whether the deed creates such a right is more difficult. A right of entry for breach of condition is clearly recognized in California. ██ In classical theory, it was distinguished from the possibility of reverter by the fact that it was not a limitation upon the estate granted—not a measure of its duration—but a condition upon the occurrence of which the granted estate could be cut off by reentry of the grantor. An example of such a conveyance would be one of a fee simple "upon condition that, if St. Paul's falls, the estate shall terminate." ██ The effect is not to terminate the estate automatically, as a reversion does, but to give the grantor a right of reentry, the estate terminating only if the right is exercised. Our code recognizes such a right. Civil Code, section 707, states: "The time when the enjoyment of property is to begin or end may be . . . made to depend on events. In the latter case, the enjoyment is said to be upon condition." Section 708 says: "Conditions are precedent or subsequent. The former fix the beginning, the latter the ending, of the right." A right of reentry for breach of condition is assignable. Section 1046 provides: "A right of reentry, or of repossession for breach of condition subsequent, can be transferred." Our courts apply the common law to such a right of reentry—i.e., the estate does not automatically terminate, but does so only if the person having the right exercises it. (*Parry* v. *Berkeley etc. Foundation, supra,* 10 Cal.2d 422, 425-426; *City of Santa Monica* v. *Jones, supra,* 104 Cal.App. 2d 463, 473-474; *Taylor* v. *Continental Southern Corp.,* 131 Cal.App.2d 267, 274-277 [280 P.2d 514]; *Young* v. *Cramer,* 38 Cal.App.2d 64, 66 [100 P.2d 523]; *Firth* v. *Los Angeles Pacific Land Co.,* 28 Cal.App. 399, 404 [152 P. 935]; *People* v. *City of Los Angeles,* 179 Cal.App.2d 558, 570, 571 [4 Cal. Rptr. 531].)

██ We think that if the deed in question had merely been conditioned upon the continued use of the property for school purposes, it would have created a right of reentry for breach of such condition. No particular words need be used, nor need there be any clause of reentry, the right being implied from the imposition of the condition. (*Papst* v. *Hamilton,* 133 Cal. 631, 633 [66 P. 10]; *cf. Strong* v. *Shatto,* 45 Cal. App. 29, 34-35 [187 P. 159]; *Taylor* v. *Continental Southern Corp., supra,* 131 Cal.App.2d 267, 273; *Cornbleth* v. *Allen,* 80 Cal.App. 459, 462 [251 P. 87]; *Fitzgerald* v. *County of*

*Modoc,* 164 Cal. 493, 495 [120 P. 794, 44 L.R.A. N.S. 1229].)
However, nothing in the present deed says that the estate
granted is conditioned upon such use, or that the estate is
subject to termination for breach of the condition.

*The deed creates only a contingent option.*

 The language used is the customary language of an
option; the grantor is given a contingent right to purchase,
and the normal incidents of a right to purchase are two: the
payment of the price and a conveyance of the property to the
holder of the option. This is quite different from the termina-
tion of the estate, by operation of law, upon a reentry al-
though our code, in order to make such a termination effective
of record, provides (Civ. Code, § 1109) that upon occurrence
of the condition, the owner "must reconvey the property to
the grantor or his successors, by grant, duly acknowledged
for record." Appellants lay great stress upon the words
"subject to," contending that these words import a condition.
No doubt they may, in a particular case, but we can see no
basis for giving them this effect when they are considered in
connection with the balance of the language, to which they are
merely introductory. We hold that the deed created only a
contingent option in the grantor, and not a true future in-
terest, i.e., not a reversion, not a possibility of reverter, and
not a right of entry for breach of condition subsequent. Our
code recognizes no other future interest in a grantor. (*Cf.*
Civ. Code, § 703.)

We are assisted in coming to the foregoing conclusion by
certain rules of construction. Civil Code, section 1069,
provides: "A grant is to be interpreted in favor of the
grantee, except that a reservation in any grant . . . is to be
interpreted in favor of the grantor." (See also Code Civ.
Proc., § 1864.) Section 1105 states: "A fee simple title is pre-
sumed to be intended to pass by a grant of real property,
unless it appears from the grant that a lesser estate was in-
tended." Section 1442 provides: "A condition involving a
forfeiture must be strictly interpreted against the party for
whose benefit it is created." It is apparent that the code
recognizes a difference between a reservation which is to be
construed in favor of the grantor, and a condition involving a
forfeiture, which is to be construed against the party for
whose benefit it is created—again, in this case, the grantor.
The deed purports on its face to grant a fee (Civ. Code,
§§ 1072, 1084, 1092), and is to be so construed (§ 1105, *supra*).
It does not purport to reserve any present interest in the

grantor. And it is to be construed against the contention that it creates a condition involving a forfeiture (§ 1442, *supra*; and cf. *Victoria Hospital Assn.* v. *All Persons,* 169 Cal. 455, at p. 459 [147 P. 124] ; *Fitzgerald* v. *County of Modoc, supra,* 164 Cal. 493, 495; *Young* v. *Cramer, supra,* 38 Cal.App.2d 64; *Hasman* v. *Elk Grove Union High School,* 76 Cal.App. 629 [245 P. 464] ; *Booth* v. *County of Los Angeles,* 124 Cal.App. 259 [12 P.2d 72] ; *Savanna School Dist.* v. *McLeod,* 137 Cal.App.2d 491 [290 P.2d 593] ; *Cramer* v. *City of Sacramento,* 2 Cal.2d 432 [41 P.2d 543] ; *Firth* v. *Los Angeles Pacific Land Co.,* 28 Cal.App. 399, 402 [152 P. 935] ; *Behlow* v. *Southern Pac. R. R. Co.,* 130 Cal. 16, 19 [62 P. 295] ; *Reclamation Dist.* v. *Van Loben Sels,* 145 Cal. 181, 184 [78 P. 638] ; *Tamalpais etc. Co.* v. *Northwestern Pac. R. R. Co.,* 73 Cal.App.2d 917, 929 [167 P.2d 825] ; *People* v. *City of Los Angeles,* 179 Cal.App.2d 558, 571-573 [4 Cal.Rptr. 531].

 The fact that the deed before us conveys "the reversion and reversions," is also persuasive that no such interests were retained by the grantor. (*Brown* v. *Terra Bella Irrigation Dist.,* 51 Cal.2d 33, 37 [330 P.2d 775] ; *Barnett* v. *Barnett,* 104 Cal. 298, 300-301 [37 P. 1049].) So is the fact that no such words as "heirs, executors, and assigns" of the grantor were used. (*Savanna School Dist.* v. *McLeod, supra,* 137 Cal.App.2d 491, 496.) So is the fact that there are no words stating that the estate granted is to terminate or to revert, or words to any similar effect. (*Hawley* v. *Kafitz,* 148 Cal. 393, 395 [83 P. 248, 113 Am.St.Rep. 282, 3 L.R.A. N.S. 741].)

 There is no merit in appellants' contention that Civil Code, section 1442, applies only to the construction of a condition involving a forfeiture, rather than to a determination as to whether a deed creates such a condition in the first place. The cases above cited apply the same rule of construction in both instances.

Appellants have cited and learnedly discussed a great many cases, but none of them involves a deed similar to the one before us. In several of the cases cited,[1] the deed clearly

---

[1]*Sears* v. *Ackerman,* 138 Cal. 583 [72 P. 171] (exception and reservation of timber) ; *Painter* v. *Pasadena Land & Water Co.,* 91 Cal. 74 [27 P. 539] (exception of certain waters and an access strip) ; *Victory Oil Co.* v. *Hancock Oil Co., supra,* 125 Cal.App.2d 222 (exception and reservation of oil, gas, etc.) ; *Brown* v. *Terra Bella Irrigation Dist.,* 51 Cal.2d 33 [330 P.2d 775] (reservation of oil, gas, etc.) ; *Kraemer* v. *Kraemer,* 167 Cal.App.2d 291, 296, 301 [334 P.2d 675] (exception and reservation of an easement); *Yuba Inv. Co.* v. *Yuba Consol. Gold Fields,* 184 Cal. 469 [194 P. 19] (reservation of minerals) ; *Green* v. *Brown,* 37 Cal.2d 391 [232 P.2d 487] (life estate) ; *Pitcairn* v. *Harkness,* 10 Cal.App. 295

reserved a *present* interest or estate in the property conveyed. It is to this type of deed that the part of Civil Code, section 1069, relating to reservations, applies.

In most of the cited cases,[2] the deed clearly created a right of entry for breach of condition subsequent. In such cases, where the intent is clear, the court properly upholds the condition, in spite of Civil Code, section 1442, *supra*. (*Rosecrans* v. *Pacific Elec. Ry. Co., supra,* 21 Cal.2d 602, 605.) In other cited cases,[3] the deed was held to have been a conveyance to the grantee in trust. Such cases are clearly not in point.

There is language in some of the cases to the effect that a right of entry for breach of a condition subsequent creates or reserves in the grantor a right "in the nature of a reversion" (*Strong* v. *Shatto, supra,* 45 Cal.App. 29, 35), or a "possibility of reverter" (*Taylor* v. *Continental Southern Corp., supra,* 131 Cal.App.2d 267, 273). However, the Supreme Court has pointed out that such language is inaccurate, and that, in such a case, the grantor retains no estate, and the

---

[101 P. 809] (easement); *Boring* v. *Filby,* 151 Cal.App.2d 602 [311 P.2d 869] (mineral rights); *City of Los Angeles* v. *Savage,* 165 Cal.App.2d 1 [331 P.2d 211] (easement); *Pavkovich* v. *Southern Pacific R.R. Co.,* 150 Cal. 39 [87 P. 1097] (reservation of interest in rock in a quarry).

[2]*Strong* v. *Shatto, supra,* 45 Cal.App. 29 (breach of building restrictions; deed expressly created condition and right of entry in the event of breach); *Taylor* v. *Continental Southern Corp., supra,* 131 Cal.App.2d 267 (condition that property be used for a park); *Pavkovich* v. *Southern Pacific R.R. Co., supra,* 150 Cal. 39 (condition that land be used for railroad purposes); *Johnston* v. *City of Los Angeles,* 176 Cal. 479 [168 P. 1047] (condition that land be used for reservoir and irrigation); *Hannah* v. *Southern Pac. R.R. Co.,* 48 Cal.App. 517 [192 P. 304] (condition that land be used for railroad purposes); *Los Angeles, etc., Land Co.* v. *Marr,* 187 Cal. 126 [200 P. 1051] (condition that residence be of minimum value of $2,000); *Hartwig* v. *Central-Gaither Union School Dist.,* 200 Cal. 425 [253 P. 733] (condition that land be used for educational purposes); *Seligman* v. *Carr,* 8 Cal.App. 572 [97 P. 324] (similar); *Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680 [186 P. 596, 9 A.L.R. 115] (condition against occupancy by non-Caucasian); *Firth* v. *Marovich,* 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D 1190] (condition against use other than specified residential); *Cornbleth* v. *Allen, supra,* 80 Cal.App. 459 (conditions as to use; express provision for forfeiture in favor of grantors, their heirs, assigns, etc.); *Childs* v. *Newfield,* 136 Cal.App. 217 [28 P.2d 924] (similar); *Martin* v. *Ray,* 76 Cal.App.2d 471, 480 [173 P.2d 573]; *Currie* v. *Title Ins. & Trust Co.,* 60 Cal.App. 192 [212 P. 409] (similar); *Romero* v. *Department of Public Works,* 17 Cal.2d 189 [109 P.2d 662] (similar—use for railroad); *Firth* v. *Los Angeles Pacific Land Co., supra,* 28 Cal.App. 399 (similar); *Rosecrans* v. *Pacific Elec. Ry. Co.,* 21 Cal.2d 602 [134 P.2d 245] (similar).

[3]*Hearst* v. *Pujol,* 44 Cal. 230, 235 (conveyance on condition that, within one year, a portion of the premises, to be selected by grantor, would be reconveyed); *Le Breton* v. *Cook,* 107 Cal. 410 [40 P. 552] (testamentary trust; held, reversion after life estate is transferable).

grantee, so long as the condition is not broken, "is in the same position as an owner in fee simple absolute." (*Parry* v. *Berkeley etc. Foundation, supra,* 10 Cal.2d 422, 425-426; see also *People* v. *City of Los Angeles,* 179 Cal.App.2d 558, 570-572 [4 Cal.Rptr. 531].) The grantor has "merely a right or power to terminate the estate of the grantee and retake the same, if there is a breach of condition" (10 Cal.2d at p. 426). In the case of a true right of entry for breach of condition, there is a future interest created; in the case of a contingent option, there is not such an interest. It seems to us to be, as respondent suggests, a mere naked power. (*Cf. Ludy* v. *Zumwalt,* 85 Cal. App. 119, 130-131 [259 P. 52]; *People* v. *Ocean Shore R. R. Co.,* 90 Cal.App.2d 464, 469 [203 P.2d 579]; *People* v. *City of Los Angeles, supra,* 179 Cal. App.2d 558, 571, 572.)

No case cited by appellants deals with language in a deed similar to that which appears in the deed before us. It would appear that there is no California case directly in point. Cases in other jurisdictions support our view that this deed created in the grantor only a contingent option to repurchase. In each of the following cases it was so held: *Bates* v. *Bates,* 314 Ky. 789 [236 S.W.2d 943] ([grantor] " 'is to have the land at the same price when it ceases to be public property as school house property' "); *Gange* v. *Hayes,* 193 Ore. 51 [237 P.2d 196] ("if [grantee] . . . should at any time or for any reason cease operation of its lumbering or planing mill . . . for a period of twenty-four consecutive months, [grantor] . . . at its own option to be exercised, can demand and shall receive a Warranty Deed back . . . upon the payment of the original purchase price . . ."); *Gearhart* v. *West Lumber Co.,* 212 Ga. 25 [90 S.E.2d 10] (agreement in deed that property "will be used for county school purposes only, and should this provision be violated, the grantor herein shall have the right to purchase the above property for $2,000"); *Bond* v. *Kennedy,* 213 Ark. 758 [212 S.W.2d 336] ("in the event either of such conditions is not complied with, the grantor . . . shall have the exclusive option to buy said property for the sum of . . . ($5,000.00)"; *Corpier* v. *Thomason,* 155 Ark. 509 [244 S.W. 738] (" 'but when ceased to be used for school purposes, that I [grantor] . . . is to have the land at the specified price of $60.' "). The Restatement is in accord (Rest., Property, § 394, Comments b, c; § 393, Comment f).

*The contingent option created was personal to the grantor.*

 Under the rules laid down in *Victoria Hospital Assn.* v. *All Persons, supra,* 169 Cal. 455, it would appear that the contingent right of the grantor to repurchase under the deed before us, is nothing more than a contingent right to enforce a personal covenant which is not assignable, and did not pass to appellants as "the heirs at law and successors to" the grantor (this being the way they are described in the pleadings and findings). The policy of the law is to construe language limiting the use of land as creating covenants personal to the grantor, and not assignable, rather than as creating conditions subsequent. And see *Bresee* v. *Dunn,* 178 Cal. 96, 100 [172 P. 387]; *Savanna School Dist.* v. *McLeod, supra,* 137 Cal.App.2d 491, 496; *Gramer* v. *City of Sacramento, supra,* 2 Cal.2d 432, 439.

 There is another good reason why the contingent option should be construed as personal to the grantor. If so construed, it would have to be exercised during her lifetime, and consequently would be valid rather than void under the rule against perpetuities. "An interpretation which gives effect is preferred to one which makes void." (Civ. Code, § 3541, and *cf.* Civ. Code, §§ 1643, 1066.)

Appellants rely upon Civil Code, section 699, which states: "Future interests pass by succession, will, and transfer, in the same manner as present interests," and upon section 1046, which makes "A right of reentry, or of repossession for breach of condition subsequent" transferable. They also rely upon cases holding or stating that words of inheritance are not necessary to make such interests transferable. (*Sears* v. *Ackerman, supra,* 138 Cal. 583; *Painter* v. *Pasadena Land & Water Co., supra,* 91 Cal. 74; *Taylor* v. *Continental Southern Corp., supra,* 131 Cal.App.2d 267, 273; *In re Walkerly,* 108 Cal. 627, 648-649 [41 P. 772, 49 Am.St.Rep. 97] (dictum); *Pavkovich* v. *Southern Pacific R.R. Co., supra,* 150 Cal. 39, 49; *Johnston* v. *City of Los Angeles, supra,* 176 Cal. 479, 485-486; *Hannah* v. *Southern Pac. R.R. Co., supra,* 48 Cal.App. 517, 522; *Los Angeles etc. Land Co.* v. *Marr, supra,* 187 Cal. 126, 129-130.) However, these authorities are not in point, because they all deal with true future interests, not with a contingent option such as we have here.

*The contingent option, if inheritable, is void under the rule against perpetuities.*

 If we are in error in our view that the contingent option was personal to the grantor, and if it were transferable

and inheritable as appellants contend, then it would be void under the rule against perpetuities. It is now settled that the common-law rule against perpetuities, presently embodied in Civil Code, sections 715.1, following, has always been the law in California (*Estate of Sahlender*, 89 Cal.App.2d 329 [201 P.2d 69]). We must therefore treat it as having been in effect in 1878. And while there is no California case upon the question, both the Restatement and the cases in other jurisdictions make it clear that a contingent option that may be exercised at a time beyond the period of the rule (Civ. Code, § 715.1) is void as in violation of the rule (Rest., Property, § 394; Simes and Smith, The Law of Future Interests, 2d ed., § 1244, p. 159; *Morgan* v. *Griffith Realty Co.*, 10th Cir., 192 F.2d 597; *Lantis* v. *Cook*, 342 Mich. 347 [69 N.W.2d 849]; *Gearhart* v. *West Lumber Co., supra*, 212 Ga. 25 [90 S.E.2d 10]; *Bates* v. *Bates, supra*, 314 Ky. 789 [236 S.W.2d 943]; *Gange* v. *Hayes, supra*, 193 Ore. 51 [237 P.2d 196]).

The case of *Blakeman* v. *Miller*, 136 Cal. 138 [68 P. 587, 89 Am.St.Rep. 120], is not authority to the contrary for two reasons: (1) it dealt with an option to purchases not contingent, and conferred upon a lessee in a lease, a type of interest not within the rule (Rest., Property, § 395) and (2) in any event, the option had to be exercised within 20 years. In *Hill* v. *State Box Co.*, 114 Cal.App.2d 44, at page 51 [249 P.2d 903], there is dictum recognizing that an option which need not be exercised within the period of the rule, and might never come into existence within that period, would be invalid. That is the nature of the option here; so far as its terms are concerned, it could be exercisable for the first time, say, in A.D. 2050, which would certainly be longer than ''21 years after some [indeed, any conceivable] life in being at the creation of the interest [in 1878] and any period of gestation,'' etc. (Civ. Code, § 715.1.) The very fact that, in theory at least, the possibility that the option might be exercised could continue in existence, as a fetter upon the property, for so long a time—possibly for centuries—best illustrates the reason for holding it subject to the rule, and by the rule rendered void.

It has been held by our courts that a right of reentry for breach of condition subsequent, being transferable and inheritable, is a ''vested'' right, and does not violate either the rule against restraints upon alienation (former § 715, Civ. Code) or the common-law rule against perpetuities. (*Strong* v. *Shatto, supra*, 45 Cal.App. 29; *Firth* v. *Marovich, supra*, 160 Cal. 257; *cf. Victory Oil Co.* v. *Hancock Oil Co., supra*,

125 Cal.App.2d 222; *Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680, 682-683 [186 P. 596, 9 A.L.R. 115].) We doubt that inheritability or transferability is a proper test as to whether an interest is "vested." Gray states that, as to perpetuities, the rule of such cases is "an exception, arbitrary though it be." (Gray, The Rule Against Perpetuities, 3d ed., p. 294, § 310.) He points out that the English cases are *contra.* (*Cf. Strong* v. *Shatto, supra,* 45 Cal.App. 29, 32.) The rule in *Strong* v. *Shatto, supra,* has been severely criticized (see Leach and Tudor in 6 American Law of Real Property, pp. 153, 157; Simes and Smith, The Law of Future Interests, 2d ed., § 1238, pp. 144-145). It would be inappropriate for us to reexamine the rule here, as it relates to a right of entry for the breach of condition, but we can see no good reason to extend it to contingent options.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 24, 1960.