[L. A. No. 24529. In Bank. Oct. 24, 1958.]

MERRIL J. BROWN et al., Appellants, v. TERRA BELLA IRRIGATION DISTRICT, Respondent.

34

Mack, Bianco, King & Eyherabide and Dominic Biancho for Appellants.

Pillsbury, Madison & Sutro, Turner H. McBaine, James L. Wanvig, Severson, Davis & Larson and Randell Larson as Amici Curiae on behalf of Appellants.

Maddox, Abercrombie, Kloster & Jacobus and Erling H. Kloster for Respondent.

SHENK, J.—This is an appeal by the plaintiffs from a judgment in favor of the defendant, the Terra Bella Irrigation District, in cross-actions for declaratory relief and to quiet title to oil, gas and mineral rights in 240 acres of land near the town of Terra Bella in Tulare County. The case was presented both to the trial court and on appeal on an agreed statement of facts.

The plaintiffs' and the defendant's claims are based on transfers from Edward F. Halbert, a common grantor who held title to the property involved. On December 16, 1925, he entered into a contract with the district in which he agreed to sell the land to the district for $25,000 payable in installments. On the same date a deed to the district was placed in escrow and, after full payment under the contract, was recorded on January 16, 1932, and delivered to the district on the 3rd day of February 1932. The deed, in substantial compliance with the terms of the contract, contained a "reservation" of "all oil and gas and all minerals in or underlying said real property" together with the right in the grantor of free ingress to and egress from the property for the purpose of exploring for, drilling for, developing and producing oil, gas and minerals. The deed provides that the "reservation aforesaid as to oil, gas and minerals shall continue for the period of twenty-five years from the date of the actual delivery of this deed to the [Terra Bella Irrigation District], and as long thereafter as oil or gas or petroleum products

or minerals shall be produced from said real property in paying quantities'' subject to certain limitations with reference to interference with the district's development of water resources. The deed finally provides as follows: ''Subject to the reservations and conditions aforesaid, [Edward F. Halbert] hereby grants, bargains, sells and conveys all of said real property aforesaid, to the [district], together with the tenements, hereditaments, and appurtenances thereunto belonging or appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.''

The plaintiffs derive their title through a quitclaim deed executed and delivered to them by the common grantor on October 25, 1955. This deed describes the property as all the oil or gas ''in and under, or that may be produced from'' the real property involved, and was ''made subject to all of the terms, conditions, covenants and agreements'' contained in the prior deed from Halbert to the defendant district which was recorded on January 16, 1932. The complaint herein was filed on January 6, 1956. No oil, gas or minerals were produced during the term of the deed and up to and including the commencement of this action.

The foregoing appears as stipulated facts, and the court so found and concluded that the plaintiffs have no right, title or interest in and to oil, gas or mineral rights, and that the district is the owner and entitled to the possession of all of the real property. Judgment was accordingly entered quieting the district's title as against the plaintiffs. Neither the findings of fact nor the conclusions of law disclose the theory upon which the judgment was based.

The plaintiffs contend that the issues presented on this appeal are whether the deed in question provides for a valid reservation of the oil, gas and mineral rights, and whether there was created a future contingent estate which violated the rule against perpetuities. They contend that the so-called ''reservation'' in the deed is, in legal effect, an exception rather than a reservation; that title to the oil, gas and minerals thus remained in the grantor; that as to the oil, gas and minerals it was intended that the grantees receive only a remainder over to vest at the expiration of 25 years and the cessation of production in paying quantities; that because the cessation of production was an uncertain, dubious event, the remainder over was a future contingent estate falling within the rule against perpetuities in that its vesting was subject to a condition precedent which conceivably might not take

place within lives in being plus 21 years; that the remainder over was therefore ineffective and void; that the interest in the remainder over reverted to the grantor, and that the grantor was thus left free to later convey his existing possessory interest and his reversionary interest in and to the oil, gas and minerals to the plaintiffs.

The plaintiffs' theory suggests two issues, both of which must be determined in their favor, if, under their theory, they are to prevail. First, it is contended that we are here in reality dealing with an exception, as distinguished from a reservation. If so, then any residue ineffectively transferred would revert to the grantor rather than be vested in the grantee. As a general rule an exception concerns property which is excepted from the grant and does not pass to the grantee, whereas a reservation is a right newly created in favor of the grantor out of property which does pass to the grantee. "The word 'reserved,' in a strict technical sense is not synonymous with 'exception.' The former term is applied to a clause in a deed which creates some right or privilege for the benefit of the grantor in the land described as granted, and withholds it from the operation of the grant, so that the title to the thing passes to the grantee, and the right or privilege concerning it is the only thing retained by the grantor. The latter term applies to something which constitutes a part of the thing described as granted and which would pass but for the excepting clause, the office of which is to exclude it from the thing described, and the title to the thing excepted remains in the grantor." (*Van Slyke* v. *Arrowhead etc. Power Co.*, 155 Cal. 675, 679 [102 P. 816].) The defendant district contends that the limitation in the present case is, in legal terminology and effect, a reservation.

The plaintiffs next contend that the rule against perpetuities operates to void the remainder over and that such interest, failing to be effectively transferred, reverts to the grantor. The defendant district contends that the rule against perpetuities requires only a vesting of interest, regardless of when possession is acquired; that both the grantee and the interest conveyed are ascertainable and not subject to any contingencies, and that the grantee's ownership was thus vested.

We find it unnecessary to resolve either of the foregoing contentions and for that reason express no views thereon. If the plaintiffs were to prevail in their contentions, we would be required for other reasons to affirm the judgment. It is obvious that if the plaintiffs' contentions are correct the

grantor was, as the plaintiffs claim, possessed of a reversionary interest in the oil, gas and mineral rights to take effect in possession upon the expiration of his determinable estate after 25 years and the cessation of profitable production. ■ The rule against perpetuities, where it is applicable, voids an attempted conveyance as of the time of the execution of the deed. (*Sheean* v. *Michel*, 6 Cal.2d 324, 328 [57 P.2d 127].) [3] In the present case an interest in the reversion was existent in the grantor upon the execution of the deed. Such an interest is one which is alienable by the grantor. (Civ. Code, § 1111.) It was in fact transferred to the district by the same deed which, the plaintiffs claim, failed to provide a valid remainder over and thus brought the reversion into being. ■ As hereinbefore shown the deed provides for the transfer of the grantor's real property, "together with the . . . reversion and reversions, remainder and remainders . . . thereof." It clearly appears from a consideration of the agreement and the deed that the grantor intended to convey all of his reversionary rights to the district and that an effective conveyance thereof was made. When, in 1955, the grantor attempted to convey these same interests to the plaintiffs, he was no longer possessed thereof and the quitclaim deed was ineffective for that purpose.

If, on the other hand, the plaintiffs are in error as to the application of the rule against perpetuities then the conveyance to the district of the interest here in dispute was effective. In any event the interest in dispute was conveyed to the district by operation of one or the other clause of the deed of 1925.

The judgment is affirmed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J. concurred.

Appellants' petition for a rehearing was denied November 19, 1958.